UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIC WALDRAFF,

                              Plaintiff,

v.                                                             Civil Action No. _____

NATIONAL ENTERPRISE SYSTEMS, INC.,

                              Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Eric Waldraff, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, National Enterprise Systems, Inc, (hereinafter "NES") is a foreign business corporation organized and existing under the laws of the State of Ohio and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a student loan debt to PNC Bank N.A.. This debt will be referred to as "the subject debt."

10. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

11. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff thereafter alelgedly defaulted on the subject debt.

13. That upon information and belief, Defendant was employed by PNC Bank N.A. or the current account holder to collect the subject debt.

14. That in or about October 14, 2015, Defendant contacted the Plaintiff's spouse. Defendant informed the Plaintiff's spouse that they need a $10,000.00 down payment or Plaintiff was going to get sued.

15. That Defendant did not have any authority or intent to file any legal action against the Plaintiff in New York State.

16. That the Defendant did not have the present ability to file any legal action against the Plaintiff in New York State on behalf of PNC Bank N.A or the current account holder.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated15 U.S.C. §1692e, 15 U.S.C. §1692e(2) 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(5), and 15 U.S.C. §1692f by demanding $10,000.00 downpayment or Plaintiff would get sued despite Defendant either not having the present authority and/or intention to sue the Plaintiff and/or Defendant not having the present ability to commence a legal action in New York State on behalf of PNC Bank N.A.

B. Defendant violated 15 U.S.C. §1692e(11) by calling the Plaintiff and failing to disclose the mini Miranda warning that they were a debt collector.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 13, 2016

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com